# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:21CV00024 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **EDDIE W. BRESEE, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Alexander R. Kalyniuk and Benton T. Morton, Trial Attorneys, U.S. DEPARTMENT OF JUSTICE, TAX DIVISION, Washington, D.C., for Plaintiff; Joel B. Miller, JOEL B. MILLER, PLC, Roanoke, Virginia, for Defendants.*

The government instituted this action against the defendants in order to collect federal income tax assessments. The Complaint seeks to reduce to judgment the tax assessments made against the defendants. The motion has been briefed and is ripe for decision.[1] For the following reasons, I find that summary judgment is warranted.

## I.

The following facts are taken from the summary judgment record. For tax years 2009, 2012, 2014, and 2015, the defendants, Eddie W. Bresee and Hillis C. Bresee, filed joint income tax returns with the Internal Revenue Service ("IRS") but

---

[1] The defendants failed to file a response to the present motion in accord with the local rules. W.D. Va. Civ. R. 11(c). I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

failed to pay their income tax liabilities in full. The amounts assessed, dates assessed, and balances owed for each tax year are shown in the table below:

| Tax Period | Assessment Date | Initial Assessment Amount | Total Balance as of March 22, 2021 |
|---|---|---|---|
| 12/31/2009 | 7/25/2011 | $473,431.00 | $793,742.40 |
| 12/31/2012 | 11/18/2013 | $79,632.00 | $45,012.87 |
| 12/31/2014 | 9/19/2016 | $86,830.00 | $113,518.03 |
| 12/31/2015 | 11/21/2016 | $81,640.00 | $93,982.37 |

As of March 22, 2021, the defendants owed amounts totaling $1,046,255.67, inclusive of statutory interest and additions. To date, the defendants have failed to pay the owed and due amounts.

The government filed suit against the defendants on April 22, 2021, to collect the entire $1,046,255.67 owed and due, plus costs and further interest and additions accruing after March 22, 2021.

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett ex rel. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not a disfavored procedural shortcut, but an important mechanism for weeding out claims and defenses that have no factual basis. *Id.* at 327. It is the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993).

### III.

The federal government imposes taxes on the income of individuals as defined by I.R.C. § 63. Taxes for a particular year are due at the time taxpayers are required to file their tax returns. I.R.C. § 6151. If taxes are not paid when due, interest accrues at a rate established under I.R.C. §§ 6621, 6601(a). Moreover, statutory additions accrue when a taxpayer fails to file a return when due or fails to pay the tax shown on any return or notice, unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. I.R.C. § 6651(a).

IRS assessments are made by recording a taxpayer's liability in the office of the Secretary of the Treasury. I.R.C. § 6203. Notably, IRS assessments are entitled to a legal presumption of correctness, *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002), and "the defendant bears the burden of rebutting." *United States v. Miller L. Grp., P.C.*, No. 3:20-cv-00031, 2021 WL 2483138, at *2 (W.D. Va. June 17, 2021) (citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007)).

In conjunction with its Motion for Summary Judgement, the government submitted account transcripts of the taxes, penalties, and interest the IRS has assessed against the defendants for tax years 2009, 2012, 2014, and 2015, corroborated by the declaration of IRS Revenue Officer Michelle Walton ("Walton"). Walton declared under penalty of perjury that the account transcripts are true and accurate copies. The defendants raised a statute of limitations defense in their Answers, ECF Nos. 5, 6, but the defense appears to be groundless.[2] Consequently, I find that the government has established a prima facie case of tax liability against the defendants. *United States v. Persinger*, No. 7:20-cv-767, 2022 WL 256335, at *3 (W.D. Va. Jan. 26, 2022) (relying on account transcripts and a

---

[2] Taxes must be assessed within three years after a return was filed. I.R.C. § 6501(a). Taxes may be collected by levy or by a proceeding in court initiated within ten years after such assessment. I.R.C. § 6502. Here, the evidence indicates the earliest assessment date was July 25, 2011, and the government initiated this suit less than ten years later, on April 22, 2021.

sworn declaration in granting the government's motion for summary judgment in a tax collection matter).

Moreover, the account transcripts and declaration show that as of March 22, 2021, the defendants owe to the IRS $1,046,255.67 in unpaid income taxes, interest, and additions. The defendants have presented no evidence that the IRS's assessments are incorrect. I am satisfied that the evidence supports an award of $1,046,255.67 against the defendants, plus statutory interest and additions that have accrued since March 22, 2021, and less any credits and payments since that time.

IV.

For these reasons, the government's Motion for Summary Judgment, ECF No. 15, is GRANTED.

A separate Judgment will be entered.

DATED: April 1, 2022

/s/ James P. Jones
Senior United States District Judge